IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

CHRISTOPHER S. ANDERSEN,

          Petitioner,

   v.

JERI TAYLOR,

          Respondent.

No. 2:16-cv-02384-JR

OPINION AND ORDER

MOSMAN, J.,

On April 1, 2019, Magistrate Judge Jolie A. Russo issued her Findings and

Recommendation (F&R) [41], recommending that I DENY Petitioner's Writ of Habeas Corpus.

Petitioner filed Objections to the F&R [49] and Respondent filed a Response to Objections [50].

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may

file written objections. The court is not bound by the recommendations of the magistrate judge,

but retains responsibility for making the final determination. The court is generally required to

make a de novo determination regarding those portions of the report or specified findings or

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

court is not required to review, de novo or under any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the F&R to which no objections are

addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Petitioner makes two objections to the F&R. First, Petitioner objects to the F&R's finding that he did not establish *Strickland* prejudice. Obj. [49] at 2–3. Petitioner argues that the verdict was affected by inadmissible hearsay evidence and was therefore prejudicial under *Strickland. Id.* Petitioner draws comparisons between his case and two cases in which Oregon courts held that consideration of inadmissible evidence was not harmless. *Id.* In those cases, the courts held that testimonial evidence from experts admitted without proper foundation, tending to prove the credibility of the victims, likely had an effect on the verdicts. *See State v. Davillia*, 244 P.3d 855, 860 (Or. Ct. App. 2010); *State v. Marrington*, 73 P.3d 911, 917 (Or. 2003). As in this case, both cases involved alleged sexual abuse of a child. In one case the alleged victim was three and the reporting was ambiguous, in the other the reporting by the alleged victim was delayed. In neither case did the defendant make confessional or incriminating statements.

But as the F&R points out, in evaluating proof of prejudice the court "must consider the totality of the evidence before the judge or jury." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). The F&R summarizes the rest of the evidence against Petitioner and finds that the totality of evidence against Petitioner is such that even if the objectionable testimony had been excluded, the result would be the same. F&R [41] at 5–6. I agree with Judge Russo. Even without the testimony of Ms. Arnott, the victim's mother, the amount of damning evidence against Petitioner—including confessions—is great. Further, the trial judge stated that the strongest evidence was the victim's own description of the abuse. I find that Petitioner's case is

distinguishable from *Davilla* and *Marrington* and any error in admitting Ms. Arnott's testimony was harmless.

Petitioner next objects to the F&R's recommendation that I deny a Certificate of Appealability (COA). 28 U.S.C. § 2253(c) "permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). I agree with the F&R; I do not believe Petitioner has made a substantial showing of the denial of a constitutional right.

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation and I ADOPT the F&R [41] as my own opinion. Petitioner's Petition for Writ of Habeas Corpus is DENIED. I further agree that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2) and therefore decline to issue a Certificate of Appealability.


IT IS SO ORDERED.

DATED this 24 day of July, 2019.


MICHAEL W. MOSMAN
Chief United States District Judge